Anderson *v.* The State.

## ANDERSON *v.* THE STATE.

CRIMINAL LAW. *Supreme court. Misdemeanor. Reversal. Proof.* Evidence equal to the testimony of one credible witness is necessary to support a conviction of a misdemeanor even; and this requirement is met where the jury give credit to the single witness of guilt, who, though attacked by some, is sustained by other witnesses to character, and the circuit judge approves the verdict. In such case the judgment is not reversible.

### FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson county. J. M. QUARLES, J.

J. D. BRIEN and R. B. SLOAN for Anderson.

ATTORNEY-GENERAL LEA for the State.

McFARLAND, J., delivered the opinion of the court.

The defendant was put upon trial under two presentments for selling liquor on Sunday.

The jury found the defendant guilty as charged in "Case No. 170," but not guilty in "Case No. 171." Judgment was rendered discharging the defendant in one case and assessing a fine in the other case, but, by mistake, the defendant was discharged in case No. 170, the case in which he was found guilty, and consequently the judgment was rendered against him in the case in which he was acquitted. This was a mere clerical mistake and unimportant, and the correction, if necessary, may be made here.

The defendant, however, took a bill of exceptions, his motion for a new trial being overruled, and it is argued by his counsel that the verdict is not sustained by the evidence.

The State examined one witness who testified in direct and positive terms to the commission of the offense.

The defendant introduced testimony showing that the State's witness had made statements out of court inconsistent with his evidence, and to the effect that the prosecution was malicious and originated in a personal grudge of the witness against the defendant. It was also proved by a number of witnesses that the general character of the State's witness was bad, and he was not entitled to credit. And it was further proven that the defendant was of good character in all respects, and especially in regard to using or selling spirituous liquors. In rebuttal, it was proven by a number of witnesses that the State's principal witness was of good character, and that he was entitled to credit.

The charge was not excepted to and is not in the record. The question is, whether this makes a case for reversal in this court. We have held that, even in a misdemeanor, to authorize a conviction, the evidence ought to be equal to the testimony of one credible witness; and so, when the conviction rested upon the testimony of one witness who was impeached and not sustained, we have held that the conviction ought not to stand. If the general character of a witness is assailed by even one witness, it casts a reproach upon his evidence; but when there are both impeaching and sustaining witnesses, the credit of the assailed witness becomes a question for the jury to settle, depending upon the weight they choose to give to the impeaching and sustaining witnesses. If the jury determine that the witness assailed is entitled to credit, we cannot undertake to say their conclusion was wrong. Furthermore, we are bound to presume that the judge below, who heard the entire evidence, would have granted a new trial if in his opinion the verdict of the jury was not justified. It was his duty to have done so, and we cannot presume that he avoided that responsibility, so we take it that in all such cases the verdict has the approval of the trial judge. While this court does reverse when in its opinion the evidence preponderates against the verdict, yet where it is simply a question as to the credibility of a witness in general, we cannot undertake to weigh the evidence and overrule the jury, especially in a misdemeanor. While looking alone to the written bill of exceptions it might appear that the weight of evidence was against

the verdict, yet there might have been ample reasons apparent to the court and jury below for a different conclusion.

The judgment will be affirmed.